### No. 785

### OHIO INDUSTRIAL ENDOW. FUND CO. v. LINDSEY et.

Ohio Appeals, 2nd Dist., Franklin Co.

No. 1445. Decided Jan. 20, 1927.

**First Publication of this Opinion.**

147. BILLS AND NOTES—949. Presumptions—Where execution of note is admitted, but delivery denied, presumption in favor of consideration does not arise.

Error to Common Pleas.
Judgment affirmed.

B. W. Waltermire, Columbus, for Company.

Henry A. Williams, F. N. Sinks, and Charles J. Pretzman, Columbus, for Seidenstecker, Weeks and Lilley.

Booth, Keating, Pomerene & Boulger, Columbus, for Lindsey.

BY THE COURT.

This action was brought in the Franklin Common Pleas by the Ohio Industrial Endowment Fund Co. upon a promissory note calling for $27,560.00, signed by J. G. Lindsey as maker and endorsed by Seidenstecker, Weeks, Lilley & Layton. A cognovit judgment was entered and later vacated, and the case stood upon the validity of the promissory note.

Layton denied the genuineness of his signature, and as to him the case, on this issue, resulted in a verdict and judgment in his favor. Lindsey filed a separate answer, Seidenstecker, Weeks & Lilley filed a joint answer. It was claimed by the four last named that there was no delivery of the note, or that delivery was conditional; that the note was an accommodation note and without consideration; and that it had been paid.

There was evidence tending to show that the note was prepared and signed by defendants in pursuance of a requirement of the Department of Commerce and of the Superintendent of Building and Loan Associations, that part payment or additional security should be given for. the indebtedness of $52,000 owing by one R. V. Huggins to the Company before, there would be any license renewals. It was asserted that the note was not to be delivered unless endorsed by all of the directors, which included Layton; and that failure to secure Layton's signature thereto is a violation of the condition and rendered delivery of the note invalid.

The verdict and judgment were in favor of defendants, and error is prosecuted.

The question of delivery and conditional delivery was submitted to the jury; and there was no prejudicial error either in the general charge or in the giving or refusing of special charges on this subject.

## PUBLISHER'S COLUMN
# The Ohio Law Abstract

Entered as second class matter, February 28, 1923, at the Post Office, Cleveland, Ohio, under the Act of March 3, 1879.

Issued Every Saturday          50 Weeks of the Year

### SUBSCRIPTION PRICES AND TERMS

One year (50 issues) Payable in Advance........$15.00

Single Numbers ................................. .35

Receiving Abstract after expiration date, considered as authorized continuation of subscription.

**PREMIUM.** On new subscriptions, when $12.00 is mailed us in advance, credit given for $15.00 and the whole year receipted for.

### RENEWALS

RENEWALS, per year, payable in advance (50 issues) $15.00.

**PREMIUM.** Subscribers who remit $12.00 cash with their renewal order, get credit for $15.00, (25 per cent more than the payment) thus reducing the price to them by $3.00.

**DELINQUENTS.** If advance remittance is not made, the Abstract is continued, at the full price ($1.25 per month) until notice to stop is given, and arrears paid.

### EXPIRATIONS

NOTICES OF. We send notices to subscribers, beginning four weeks in advance of the date to which their subscription is prepaid. Thus assuring them of ample knowledge in time to make renewals, and save the 20% we give to those who mail the money in advance.

EXTENSIONS. All overtime on expired subscriptions, that were not prepaid will be charged and billed to those who continue to receive the paper, at the full price of $1.25 per month, until payment and prepaid renewal are again made.

### DIGESTS AND PRICES

First, Second and Third, 1927 Quarterly Digests, (Nos. 14, 26 and 36 of Abstract) Free to all paid-up Abstract 1927 subscribers.

To non-subscribers to the Abstract $1.50 each. (Fourth not issued separately).

1927 Annual Digest, (Issued in December), No. 50 of Abstract, Free to all paid-up Abstract, 1927 Subscribers.

To non-subscribers to the Abstract, net $3.50.

### THE LAW ABSTRACT COMPANY

Office, Editorial Rooms and Library, 13916 Euclid Ave. Cleveland, O.

### STAFF

Jay F. Laning.......................Business Director

Sheldon R. Laning...................Editorial Director

Sam H. Torrey...................Circulation Manager

Upon the issue made as to the consideration, special charges given in reference to the burden of no proof were proper. While the execution of the note was admitted, there being a denial as to the delivery, the presumption in favor of consideration would not arise unless there was an admission of delivery. There was therefore, no error in respect to the charge given as to the burden of proof on the presumption as to consideration.

It is claimed by plaintiff that, the note having been executed and placed in custody of the Fund Co., the maker and endorsers would be estopped, as against creditors, from claiming want of consideration; and that the court erred in holding that the receiver was entitled to no greater rights than the company itself would have been.

The receiver having been made a party and an issue having been made by the answer and the reply of the receiver upon the subject of estoppel, the question of estoppel was properly in the case. If the verdict rested solely upon this issue, then the charge of the court that the receiver had no superior right over the company itself, would be error; but if the verdict can stand upon other defenses, it would be the duty of the court to sustain the same.

Under re-organization brought about by the purchase of Huggins' stock for $28,000, it is claimed that the money so paid to the company should have been applied by the Company upon the note sued on. The court charged correctly that the purchase price of this stock should have been applied on the note unless the makers and the endorsers consented to a different application.

(Allread, Ferneding and Kunkle, JJ., concur.)